## CIRCUIT COURT OF THE CITY OF NORFOLK

Kristi M. Rind

v.

James J. Cafaro

June 5, 2002

Case No. (Chancery) CH 01-2139

BY JUDGE JOSEPH A. LEAFE

The instant matter came before this Court for a trial de novo from Plaintiff Kristi M. Rind's Appeal of the November 19, 2001, decision of the Norfolk Juvenile and Domestic Relations District Court that denied Plaintiff's Motion to Register a Foreign Support Order.

Plaintiff argues that Defendant is currently in arrears on his obligation to purchase and provide to her U.S. Treasury Bonds and that the Uniform Interstate Family Support Act (hereinafter "UIFSA") allows a Virginia Court to register the foreign order. Defendant entered a special appearance to protest this Court's jurisdiction in the case.

In 1994, Virginia adopted the UIFSA in an attempt to minimize jurisdictional conflicts between courts issuing support orders and to ease the enforcement of support obligations. Va. Code Ann. § 20-88.32 et seq. In order to accomplish these goals, the UIFSA provides a procedure under which foreign support orders can be registered in the Commonwealth. See Va. Code Ann. § 20-88.67 (2001). Once the order is registered in Virginia, the order issued in the foreign state "is enforceable in the same manner and subject to the same procedures as an order issued by the Commonwealth." Va. Code Ann. § 20-88.68(B) (2001).

However, to establish, enforce, or modify a "support order" involving a non-resident of the Commonwealth, the Court must have personal jurisdiction over the non-resident individual. Va. Code Ann. § 20-88.35 (2001).

Virginia case law states that "t[o] obtain personal jurisdiction over a person who has executed a property settlement outside Virginia, there must be more than a simple connection between the contract which is being sued upon and the state asserting jurisdiction. The mere allegation that the plaintiff, a party to the agreement, is present in Virginia is not a sufficient connection to give Virginia personal jurisdiction over the defendant. Where . . . the defendant . . . is a non-resident, the complaint or other pleadings . . . must allege, at a minimum, a connection to Virginia that is recognized by Virginia's long-arm statute." *Price v. Price*, 17 Va. App. 105, 435 S.E.2d 652 (1993) (internal citations omitted). In the instant case, there is no mention of any connection that Mr. Cafaro may have to Virginia that would subject him to the jurisdiction of this Court.

Additionally, in Price, the Court of Appeals held that a final divorce decree entered in Virginia against an out-of-state absentee defendant, which purported to incorporate a Maryland Property Settlement Agreement and only referred to Virginia as the state in which the parties were married, was ineffective as a support order and nothing would allow the Virginia court to exercise personal jurisdiction over the non-resident defendant. *Id.*

Likewise, in this case, this Court does not have personal jurisdiction over Mr. Cafaro; he was not personally served within the Commonwealth, he entered a special appearance to object to jurisdiction, and he has never resided in this Commonwealth. He does not fall within any of the enumerated categories of the UIFSA nor the long-arm statute that would allow this Court to exercise its jurisdiction over him.

Therefore, without the Court having personal jurisdiction over Mr. Cafaro, there would be no benefit in allowing Plaintiff to register the purported "support order" in this Commonwealth, for, even if the Agreement was registered here, the Virginia Supreme Court has clearly stated that "despite the registration of a foreign decree, the obligor must be found in Virginia and served with process before a Virginia court can proceed against him." *Stephens v. Stephens*, 229 Va. 610, 331 S.E.2d 484 (1985). It is a basic tenet that a party must have some " 'minimum contacts' with a state before its courts can exercise personal jurisdiction over him. . . ." notwithstanding the UIFSA. *Id.*

Similarly, even if this Court could, in the future, obtain personal jurisdiction over Mr. Cafaro, the Court finds that Plaintiff would be unable to

register her claim with the Commonwealth under the UIFSA. The UIFSA provides for the registration of "support orders." Va. Code Ann. § 20.88-87 (2001). UIFSA defines a support order as a "judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney's fees, and other relief." *Id.* at § 20-88.32 (emphasis added).

In the instant case, the Property Settlement Agreement, upon which Plaintiff relies, was never incorporated or merged into the Final Decree of Divorce and it contains language that specifically states it is to survive the entry of the final decree. Thus, the Agreement is a contract between Mr. and Mrs. Cafaro, with Plaintiff as a third-party beneficiary of a portion of the Agreement. Based upon the UIFSA definition of "support order" and where Plaintiff did not produce an order entered by the Pennsylvania Court, the Agreement does not qualify as a "support order" under the UIFSA and is not subject to registration.

Accordingly, this Court finds for Defendant and denies Plaintiff's Request for Registration of a Foreign Support Order.